**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*If known*): _____   Chapter you are filing under:
☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Chemical Exchange Industries, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   46-0363753

4. **Debtor's address**

   **Principal place of business**

   900 Clinton Drive
   Number   Street

   PO Box 67

   Galena Park    TX    77547
   City           State  ZIP Code

   Harris County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number   Street

   _____
   P.O. Box

   _____
   City    State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number   Street

   _____

   _____
   City    State   ZIP Code

5. **Debtor's website** (URL)    www.texmark.com

6. **Type of debtor**
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  Chemical Exchange Industries, Inc.  Case number (*if known*)_____
_____
Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .<br>325900 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes.  District _____ When ___/___/_____ Case number _____<br>        District _____ When ___/___/_____ Case number _____ |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes.  Debtor  Texmark Chemicals, Inc.    Relationship  Subsidiary<br>        District  S.D. Texas    When ___/___/_____<br>        Case number, if known _____ |

| Debtor | Chemical Exchange Industries, Inc. | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**11.** **Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number     Street

_____

_____
City                                          State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

   Contact name _____

   Phone _____

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15.** **Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | | |
|---|---|---|
| Debtor | Chemical Exchange Industries, Inc.<br>Name | Case number (if known)_____ |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/18/2023
             MM  / DD  / YYYY

✘ /s/ Douglas H. Smith                    Douglas H. Smith
Signature of authorized representative of debtor        Printed name

Title  CEO

---

**18. Signature of attorney**

✘ /s/ Joseph Epstein            Date  09/18/2023
Signature of attorney for debtor            MM  / DD  / YYYY

Joseph Epstein
Printed name

Joseph G. Epstein PLLC
Firm name

24 Greenway Plaza 970
Number      Street

Houston                       TX         77046
City                          State      ZIP Code

713-222-8400                  joe@epsteintexaslaw.com
Contact phone                 Email address

06639320 Texas                TX
Bar number                    State

---

Debtor  Chemical Exchange Industries, Inc.  
‎ ‎ ‎ ‎ First Name ‎ ‎ Middle Name ‎ ‎ Last Name

Case number (*if known*)_____

## Continuation Sheet for Official Form 201

**10) Pending Bankruptcies**

| | |
|---|---|
| Texmark Properties, Inc. | S.D. Texas |
| CXI Solvents, L.P. | S.D. Texas |
| CXIS Management LLC | S.D. Texas |



# CHEMICAL EXCHANGE INDUSTRIES, INC.

## RESOLUTIONS OF THE BOARD OF DIRECTORS

### AUGUST 29, 2023

The undersigned, being all of the members of the Board of Directors (*"**Board**"*) of CHEMICAL EXCHANGE INDUSTRIES, INC., a Texas corporation (*"**Company**"*), DO HEREBY CONSENT to the taking of the following actions and DO HEREBY ADOPT the following resolutions pursuant to the Company's bylaws and the Texas Business Organizations Code (*"**TBOC**"*).

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest; and

WHEREAS, the Board has had the opportunity to consult with the Company's management, and financial and legal advisors to consider fully each of the strategic alternatives to the Company.

NOW THEREFORE, BE IT RESOLVED, that in the judgement of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, that the Company commence a chapter 11 case by filing a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the *"**Bankruptcy Code**"*);

*FURTHER RESOLVED*: that Douglas H. Smith and David McNiel (collectively, the *"**Authorized Officers**"*) be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the *"**Bankruptcy Court**"*) at such time as said Authorized Officer executing the same shall determine (the *"**Chapter 11 Case**"*);

*FURTHER RESOLVED*: that each of the Authorized Officers, and such other officers or designated employees of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists and other papers and to take any and all action that any Authorized Officer may deem necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case;

*FURTHER RESOLVED*: that each of the Authorized Officers are authorized and directed to employ the law firm Joseph G. Epstein PLLC, 24 Greenway Plaza, Suite 970, Houston, Texas 77046, as lead reorganization counsel for the Company in connection with instituting and maintaining the Chapter 11 Case and carrying out its duties under the Bankruptcy Code, and to

take all actions to advance the Company's rights and obligations; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Joseph G. Epstein PLLC;

*FURTHER RESOLVED*: that each of the Authorized Officers are authorized and directed to employ the law firm The Towber Law Firm, PLLC, 1111 Heights Blvd., Houston, Texas 77008, as co-reorganization counsel for the Company in connection with instituting and maintaining the Chapter 11 Case and carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of The Towber Law Firm, PLLC;

*FURTHER RESOLVED*: that each of the Authorized Officers are authorized and directed to employ the investment banking and financial advisory firm Chiron Financial LLC, 1301 McKinney, Suite 2800, Houston, Texas 77010, as investment banker and financial advisor for the Company in connection with instituting and maintaining the Chapter 11 Case and carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Chiron Financial LLC;

*FURTHER RESOLVED*: that each of the Authorized Officers, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist in the Chapter 11 Case on such terms as such officers deem necessary, proper or desirable; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain such other professionals;

*FURTHER RESOLVED*: that in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officers of the Company, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company, to negotiate, execute and deliver a debtor-in-possession loan facility and/or a cash collateral arrangement (including, in connection therewith, such notes, security agreements and other agreements or instruments as such officer or officers executing the same may consider necessary, proper or desirable), including, but not limited to, the granting of super priority administrative claims and priming liens, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company;

*FURTHER RESOLVED*: that each of the Authorized Officers, and such other officers of the Company as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized and empowered to cause the Company, as management deems appropriate, to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates and other documents, and to take such other actions, as in the judgement of such officers, shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of the debt, other obligations, organizational form and structure, consistent with the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

*FURTHER RESOLVED*: that, in addition to, and without limiting in any manner, the authority granted by the foregoing resolutions, the officers of the Company be, and each of them with full authority to act without the others hereby is, authorized, empowered and directed, for and in the name and on behalf of the Company, (a) to take, or cause to be taken, all such further action, (b) to do and perform, or cause to be done and performed, all such acts and things, (c) to execute and deliver, or cause to be executed and delivered, all such further papers, documents and instruments of any type and description, and (d) to pay, or cause to be paid, any and all fees, charges and costs of any type or description, all of which as may be, or may be deemed to be, necessary or advisable or desirable to effect the purposes and intent of the actions authorized and approved in the resolutions set forth above, the necessity, advisability, desirability and propriety of which shall be conclusively evidenced by any of such officer's taking, or causing to be taken, any such action, doing and performing, or causing to be done or performed, any such act or thing, executing and delivering, or causing to be executed and delivered, any such papers, documents or instruments, or paying, or causing to be paid, any such fees, charges and costs; and the execution by any of such officers of any such papers, documents or instruments, or the doing by any of them of any act or thing in connection with any of the matters or things contemplated by, arising out of or in connection with, or otherwise relating to in any manner whatsoever, the subject of the resolutions set forth above, shall conclusively establish their authority therefor from the Company and the approval and ratification by the Company of any and all papers, documents and instruments so executed and delivered and any and all action so taken, done or performed; and all actions of any nature whatsoever heretofore taken by each of the officers, directors, agents, attorneys and other representatives of the Company incidental to, contemplated by, arising out of or in connection with, or otherwise relating to in any manner whatsoever, the subject of the resolutions set forth above be, and the same hereby are, authorized, approved, ratified, confirmed and adopted in all respects.

*FURTHER RESOLVED*: that the term of Rory M. Moran as an officer of the Company expired following his resignation in June 2020.

[Signature Page Follows]

- 3 -

*IN WITNESS WHEREOF*, each of the undersigned, being a director of the Board of the Company, has signed his or her name below as of the date first set forth above.

_____
David J. McNiel

_____
Charis W. Smith

_____
Douglas H. Smith

_____
David M. Smith, Jr.



## CHEMICAL EXCHANGE INDUSTRIES, INC.

## RESOLUTIONS OF THE BOARD OF DIRECTORS

## SEPTEMBER 15, 2023

The undersigned, being all of the members of the Board of Directors ("***Board***") of CHEMICAL EXCHANGE INDUSTRIES, INC., a Texas corporation ("***Company***"), DO HEREBY CONSENT to the taking of the following actions and DO HEREBY ADOPT the following resolutions pursuant to the Company's bylaws and the Texas Business Organizations Code ("***TBOC***").

WHEREAS, on August 29, 2023, the Board adopted resolutions that the Company commence a chapter 11 case by filing a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and taking such other action as may be required to commence a Chapter 11 case (the "***Chapter 11 Case***") and authorize the Authorized Officers of the Company to take all required actions as set forth in the resolutions adopted at such time; and

WHEREAS, as one of the conditions to obtain DIP Financing from Briar Capital Real Estate Fund, LLC and Sallyport Commercial Finance, LLC (the "***DIP Financing Lenders***"), Company must engage a Chief Restructuring Officer ("***CRO***") acceptable to the DIP Lenders and the Company, and the appointment of such CRO as an Officer of the Company to exercise powers as an Authorized Officer under the bylaws of the Company and the TBOC; and

WHEREAS, the Board has had the opportunity to consider the qualifications of certain employees of Chiron Financial LLC and evaluate the skills and experience of such employees to perform the duties of CRO, and have consulted with the Company's management, the DIP Financing Lenders, the Company's financial and legal advisors as to the person best suited under the circumstances to serve in the CRO in the Chapter 11 case.

NOW THEREFORE, BE IT RESOLVED, that in the judgement of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, that the Company appoint Christopher J. Mudd as an Officer for the Company, who shall be have such duties and responsibilities customarily associated with the role of a CRO (as more fully described in the scope of duties in the Chiron Engagement Supplement of even date to these resolutions), and hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists and other papers and to take any and all action that any Authorized Officer may deem necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case.

*IN WITNESS WHEREOF*, each of the undersigned, being a director of the Board of the Company, has signed his or her name below as of the date first set forth above.

_____
David J. McNiel

_____
Charis W. Smith

_____
Douglas H. Smith

_____
David M. Smith, Jr.

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __Chemical Exchange Industries, Inc._____

United States Bankruptcy Court for the: __Southern District of Texas_____

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors           12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/18/2023
             ―――――――――
             MM / DD / YYYY

✗ /s/ Douglas H. Smith
―――――――――――――――――――――――――――――――
Signature of individual signing on behalf of debtor

Douglas H. Smith
―――――――――――――――――――――――――――――――
Printed name

CEO
―――――――――――――――――
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | CHEMICAL EXCHANGE INDUSTRIES, INC. ET.AL |
| United States Bankruptcy Court for the | SOUTHERN DISTRICT OF TEXAS   (State) |
| Case number (If known): 23- | |

☐ Check if this is an amended filing

Official Form 204--Revised

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CB TECHNOLOGIES, INC | 770 THE CITY DR S SUITE 5300 ORANGE, CA 92868 Rachel Nelson Rachel.Nelson@cbtechinc.com 714-944-3012 | TRADE DEBT | | | | 1,338,633.31 |
| 2 | GODFREY & KHAN S.C. | BIN # 318 MILWAUKEE, WI 53288-0318 Patricia Falb – Attorney 414-287-9692 pfalb@gklaw.com | PROFESSIONAL SERVICES | | | | 526,129.31 |
| 3 | UNION PACIFIC RAILROAD | PO BOX 502453 SAINT LOUIS, MO 63150-2453 | TRADE DEBT | | | | 362,261.55 |
| 4 | SYMMETRY ENERGY SOLUTIONS, LLC | CHASE LOCKBOX PO BOX 301149 DALLAS, TX 75303-1149 | TRADE DEBT | | | | 275,678.84 |
| 5 | NOVA CHEMICALS (CANADA) LTD | PO BOX 8011U POSTAL STATION A TORONTO, ON, M5W 3W5 Steven Ramey/Credit Analyst Steven.Ramey@novachem.com C 412-298-7617 O 412-490-4248 | TRADE DEBT | | | | 234,903.00 |
| 6 | AFCO INSURANCE PREMIUM FINANCE | PO Box 4795 CAROL STREAM, IL 60197-4795 | TRADE DEBT | | | | 152,573.85 |

Debtor  CHEMICAL EXCHANGE INDUSTRIES, INC. ET AL.          Case number (*if known*) 23-_____
             Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 7 | THE DOW CHEMICAL COMPANY | 7719 COLLECTION CENTER DR CHICAGO, IL 60693-0077 Michelle Wilkins Receivable Specialist O 989-496-8230 m.wilkins@dow.com | TRADE DEBT | | | | 142,341.05 |
| 8 | FLUID FLOW PRODUCTS INC | PO BOX 751278 3915 SHOPTON ROAD, SUITE 101 CHARLOTTE, NC 28217 Amber Montgomery Credit &Collections O 401-334-6963 ambermontomery@fluidflow.com | TRADE DEBT | | | | 136,164.60 |
| 9 | RADIOGRAPHIC SPECIALISTS, INC | 4110 MOHAWK HOUSTON, TX 77093 Trey Williams Ops Mgr. C 361-433-8440 O 281-449-1634 | TRADE DEBT | | | | 130,116.00 |
| 10 | SCHST, INC dba SPACE CITY SERVICES | PO BOX 1564 DEPARTMENT #278 HOUSTON, TX 77251-1564 Hailey Johnston AR Specialist O 281-227-6300 hjohnston@spacecitytx.com | TRADE DEBT | | | | 115,898.03 |
| 11 | STOLT-NIELSEN USA INC | PO BOX 7247-7357 PHILADELPHIA, PA 19170-7357 Jeff Sims Regional Sales Mgr. C 832-414-2442 J.sims@stolt.com | TRADE DEBT | | | | 108,630.00 |
| 12 | NEWPORT TANK CONTAINER INC | 2055 CROCKER ROAD SUITE 300 WESTLAKE, OH 44145 Jennifer Kladke-Grealis Collection Lead O 440-356-8866 Jennifer.Kladke@newporttank.com | TRADE DEBT | | | | 107,213.00 |
| 13 | TXU ENERGY SERVICES | PO BOX 650638 DALLAS, TX 75265-0638 | TRADE DEBT | | | | 91,908.80 |
| 14 | O'DAY INSTRUMENTS LLC | PO BOX 396 SCHULENBURG, TX 78956 409-925-3859 Mike Oday mike@odayinst.com | TRADE DEBT | | | | 91,700.00 |
| 15 | HENIFF LOGISTICS, LLC | PO BOX 74008343 CHICAGO, IL 60674-8343 Margarita Rodriguez Collection Specialist o 630-581-7641 mrodriguez@Heniff.com | TRADE DEBT | | | | 90,027.60 |
| 16 | ANAHUAC TRANSPORT | 309 S. FM 1724 ANAHUAC, TX 77514 Jackie Monteau Office Manager O 409-374-2806 Jackie@anahuactransport.com | TRADE DEBT | | | | 77,334.42 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 17 | DAXX | 7155 OLD KATY RD. SUITE SOUTH 200 HOUSTON, TX 77024 Andres Rodriguez CFO 713-400-3299 | TRADE DEBT | | | 69,411.07 |
| 18 | SMBC RAIL SERVICES LLC | PO Box 13846 NEWARK, NJ 07188-3846 | TRADE DEBT | | | 64,881.93 |
| 19 | UNITED RENTALS, INC | PO BOX 840514 DALLAS, TX 75284-0514 Shaira Mae Saludar Credit Specialist O 212-333-6600 smsaludar@ur.com | TRADE DEBT | | | 53,668.07 |
| 20 | TRANS-GLOBAL SOLUTIONS, INC CEDAR PORT PARTNERS, L.P. | 7500 FM 1405 BAYTOWN, TX 77523 Belinda Gutierrez O 713-330-2221 C 281-620-8419 bgutierrez@tgsgroup.com | TRADE DEBT | | | 50,740.56 |
| 21 | AMERICAN RAILCAR LEASING | PO BOX 952359 ST LOUIS, MO 93195-2359 Linda Yost O 636-940-5397 Linda.yost@smbcrail.com | TRADE DEBT | | | 50,361.45 |
| 22 | GRACE MATTHEWS INC | 833 EAST MICHIGAN STREET SUITE 1420 MILWAUKEE, WI 53202 Andrew Hinz Managing Director O 414-278-1120 C 414-305-8282 ahinz@gracematthews.com | PROFESSIONAL FEES | | | 47,826.37 |
| 23 | CITY OF HOUSTON | DEPARTMENT OF PUBLIC WORKS PO BOX 1560 HOUSTON, TX 77250 | WATER UTILITY | | | 44,048.07 |
| 24 | NORFOLK SOUTHERN RAILWAY COMPANY | PO BOX 532797 ATLANTA, GA 30353-2797 | TRADE DEBT | | | 42,628.19 |
| 25 | PIG PEN INC, THE | 5724 CLAREWOOD DRIVE HOUSTON, TX 77081 Stephanie Crawford Lucas COO O 713-726-0689 stephanie@thepigpeninc.com | TRADE DEBT | | | 38,831.81 |
| 26 | COVENANT TECHNOLOGY SERVICES | 820 GESSNER, SUITE 625 HOUSTON, TX 77024 Sharleen L. Walkoviak 713-358-7545 swalkoviak@covenant.com | TRADE DEBT | | | 32,438.42 |
| 27 | AMSPEC SERVICES | ATTN:  ACCTS RECEIVABLE 1249 SOUTH RIVER RD. SUITE 204 CRANBURY, NJ 08513 Accounts.receivable.us@amspecgroup.com | TRADE DEBT | | | 32,106.55 |
| 28 | TRINITY LEASING | CUSTOMER PAYMENT ACCOUNT W510131 PO BOX 358041 PITTSBURGH, PA 15251-5041 | TRADE DEBT | | | 31,650.00 |
| 29 | CORITY SOFTWARE INC | SUITE 900, 250 BLOOR STREET EAST, BOX 15 TORONTO, ONTARIO, CANADA M4W 1E6 Oksana Bila 416-863-6800 ext 492 Oksana.bila@cority.com | TRADE DEBT | | | 29,359.38 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 3

| 30 | GRAINGER | DEPT 804060937<br>PO BOX 419267<br>KANSAS CITY, MO 64141-6267 | TRADE DEBT | | | | 27,599.63 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 4

**United States Bankruptcy Court**

**IN RE:**  Case No._____

Chemical Exchange Industries, Inc.
_____ Chapter  \_\_\_11_____

**LIST OF EQUITY SECURITY HOLDERS**

| Registered name and last known address of security holder | Shares (Or Percentage) | Security Class (or kind of interest) |
|---|---|---|
| David M. Smith & Charis Smith Family Trust 4300 Dunlavy #4115, Houston, TX 77006 | 100 | Common stockholder |